CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Charlottesville
APR 24 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CATHERINE CLOSSIN, <br><br> *Plaintiff,* <br><br> v. <br><br> JULIUS MORRIS, ET. AL., <br><br> *Defendants.* | CIVIL ACTION NO. 3:05-CV-00039 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' motion to dismiss, filed on October 4, 2005. For the following reasons, this motion is GRANTED IN PART and DENIED IN PART.

**FACTS**

According to the Complaint, Plaintiff was the Director of Planning for Greene County, Virginia from April 2004 until Defendants discharged her in April of 2005. During that time, she was responsible for enforcing zoning ordinances and regulations in Greene County, and she reported directly to Defendant Morris, who was the County Administrator. At some point, Clossin and Greene County's zoning administrator, Bart Svoboda ("Svoboda"), learned that Morris had allegedly committed multiple potential zoning violations on his property. After consulting with the chairman of the Board of Supervisors, Closing made copies of Morris' zoning violations file and began to process the complaints against Morris.

1

Later, Svoboda allegedly revealed to Clossin that Morris had privately instructed him not to pursue the violations further. Clossin told Svoboda that enforcement of the zoning rules was a matter of public importance and that he should disregard Morris' instructions. Clossin claims that both before and after Morris attempted to prevent the investigation of his alleged zoning violations, Clossin "engaged in respectful speech expressing her opinion that the zoning laws should be enforced uniformly for all citizens of Greene County, including" Morris. Complaint, ¶ 21. Later, Morris fired her. Clossin alleges that she was fired in retaliation for her speech. She also claims that Morris spread lies throughout the community that she was discharged because she was insubordinate to him and refused to follow his instructions on matters unrelated to his zoning violations. Clossin brings this suit claiming the violation of her First Amendment and Due Process rights, as well as alleging that Morris and Greene County wrongfully discharged her in violation of Virginia public policy. Defendants have filed a motion to dismiss.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). Such motions "should be granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989), and a complaint will survive as long as it sets out sufficient facts for the court to infer that each element of a cause of action is present. *See Wolman v. Tose,* 467 F.2d 29, 33 (4th Cir. 1972). In considering a Rule 12(b)(6) motion, the complaint is to be construed in the light most favorable to the plaintiff and the court is to assume its factual allegations to be true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Martin Marietta v. Int'l Tel. Satellite,*

2

991 F.2d 94, 97 (4th Cir. 1992). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*).

## DISCUSSION

Defendant Morris argues that Plaintiff's claims against him should be dismissed because (1) he is immune from suit under the Eleventh Amendment; (2) she had failed to state a claim for a violation of her free speech rights under federal law; (3) she has failed to allege a due process violation; and (4) she has failed to allege wrongful discharge in violation of Virginia public policy under *Bowman v. Bank of Keysville*, 229 Va. 534 (1985). Defendant Greene County also joins in arguing for dismissal under this last point. The Court will address each of these arguments in turn.

### 1. Qualified immunity

The Eleventh Amendment bars suits by individuals against unconsenting states. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). A county does not occupy the same position as a state for Eleventh Amendment purposes, however. *Id.* at 667 n.12. Here, the pleadings do not suggest that Morris was acting as an "arm of the state." Rather, he was apparently a municipal employee, and thus the Eleventh Amendment does not grant him immunity from suit. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

### 2. First Amendment

Plaintiff alleges that she was fired in retaliation for exercising her free speech rights in reporting the potential zoning violations. Defendants argue that her speech is not protected by the

3

First Amendment because it was made primarily in her role as an employee and does not involve a matter of public concern. They also argue that the interests of the speaker and the community in the speech do not outweigh the employer's interest in an efficient workplace.

The government may not discharge an employee in a way that infringes on that employee's constitutionally protected interest in freedom of speech. *Perry v. Sindermann*, 408 U.S. 593 (1972). To determine whether or not a plaintiff's First Amendment rights were violated, a court must first inquire whether the speech in question involved a matter of legitimate public concern and is thus protected. *Connick v. Myers*, 461 U.S. 138, 148 (1983). If the speech is protected, the court must then balance the employee's interest in making the statement against "the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968).

Defendant argues that Clossin's alleged speech is not protected by the First Amendment because it was made in the course of her duties as an employee.[1] If a plaintiff speaks as an employee in the course of her duties rather than as a citizen, her speech will not ordinarily be protected. *Connick*, 461 U.S. at 147-48. In this context, the Fourth Circuit has noted "the basic truth that speech by public employees undertaken in the course of their job duties will frequently involve matters of vital concern to the public, without giving those employees a First Amendment right to dictate to the state how they will do their jobs." *Urofsky v. Gilmore*, 216 F.3d 401, 407 (4th Cir. 2000). Hence, in *Birt v. Dorchester County*, the court held that a private

---

[1] Plaintiff argues that employee speech is in fact protected by the First Amendment, citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410 (1979). In *Givhan*, however, the plaintiff spoke as a citizen about a matter of public concern but chose to do so privately. *See id.* at 415-16. Here, in contrast, Plaintiff's speech appears directly related to her duties as Director of Planning. *See Connick*, 461 U.S. at 148 n.8 (distinguishing *Givhan*).

4

internal memorandum by the county zoning administrator summarizing a councilman's request that a particular investigation be halted did not address a matter of public concern because it was directly related to the plaintiff's employment duties, did not assert any impropriety by the councilman, and was directed only to the employees who needed to be notified. 86 Fed. Appx. 593, **2 (4th Cir. 2004) (unpublished).

Hence, if Plaintiff had pled that she communicated only in her capacity as zoning administrator within the employment context, Defendants would be entitled to dismissal on this point. Plaintiff's complaint, however, states, "Mrs. Clossin, both before and after Mr. Morris attempted to prevent the investigation of him for zoning violations, engaged in respectful speech expressing her opinion that the zoning laws should be enforced uniformly for all citizens of Greene County, including Mr. Morris." Complaint, at ¶ 21. On a motion to dismiss, it is well accepted that the court must construe all allegations in the complaint in the light most favorable to the plaintiff. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). Here, the allegations in Clossin's complaint do not disclose whether her speech on this issue took place in the employment context or whether she spoke as a citizen. Because speech regarding the improper or corrupt behavior of a county official is unquestionably of public concern otherwise, this speech is in fact protected under the First Amendment if uttered in Clossin's capacity as a citizen rather than an employee. Because Morris has failed to show that Clossin "would be entitled to no relief under any state of facts which could be proved in support of the claim," *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*), his motion to dismiss the first count of

5

Case 3:05-cv-00039-NKM-BWC Document 25 Filed 04/24/06 Page 5 of 10 Pageid#: 118

the complaint fails.[2]

## 2. Due Process

Plaintiff alleges that her firing deprived her of a constitutionally protected liberty interest in violation of her Due Process rights. She alleges that Morris spread lies about her in the community by telling others that she had been dismissed for insubordination in matters unrelated to the zoning violation incident.

Where a person's good name, reputation, honor, or integrity are at stake because of government action, notice and an opportunity to be heard are essential. *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971); *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972). The statements that tend to place a person's good name in jeopardy are limited, however. The Fourth Circuit has held that spreading information about a plaintiff's incompetence is not enough to give rise to a protected liberty interest. *Robertson v. Rogers*, 679 F.2d 1090, 1091 (4th Cir. 1982). Instead, the accusations must "imply the existence of serious character defects such as dishonesty or immorality." *Id.* at 1092. *See also Zapp v. Rehman*, 79 F.3d 381, 388 (4th Cir. 1996) (holding that the plaintiff's liberty interest was not implicated when a county executive stated on television that plaintiff was being forced to retire because of "management problems.").

In this case, Clossin does not allege that Morris called her dishonest or immoral, and allegations of insubordination do not rise to the level required by *Robertson*. Although the statements made by Morris may be harmful to Clossin's reputation, it is clear that something

---

[2]Morris also argues that, even if Clossin has successfully alleged that her speech was protected, he is still entitled to dismissal under the balancing test laid out in *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968). This argument is premature on a motion to dismiss and requires factual information not available at this early stage.

more than ordinary defamation is required to implicate a protected liberty interest. *Id.* Hence, Morris' motion to dismiss this claim must be granted.

### 3. Wrongful discharge in violation of Virginia public policy

Clossin alleges that her discharge violated Virginia's public policy protecting the rights to free speech, association, and petition, as guaranteed by the Virginia Constitution and zoning statutes. Virginia adheres strongly to the doctrine of employment at will, whereby either party can terminate the employment contract for any reason or no reason, as long as reasonable notice is given. *Miller v. SEVAMP, Inc.*, 234 Va. 462, 465 (1987). Virginia courts have carved out a narrow exception to this rule, however, for discharges that violate established Virginia public policy. *Id.* at 467-68; *Bowman v. State Bank of Keysville*, 229 Va. 534, 540 (1985). This public policy exception only applies in three situations: first, where an employer violated a policy enabling the exercise of an employee's statutorily created right; second, where the employer violated a policy explicitly expressed in a statute, and the employee is a member of the class of persons protected by the policy; and third, where the employer discharges an employee based on the employee's refusal to engage in a criminal act. *Rowan v. Tractor Supply Co.*, 263 Va. 209, 214 (2002).

Plaintiff argues that her claim falls under the second category: a firing in contravention of a public policy expressed in a statute. No Virginia court has yet ruled on whether the free speech provision of the Virginia Constitution, Va. Const. Art. 1, § 12, creates a cause of action under *Bowman*. Although all Virginia statutes reflect public policy to some extent, Virginia courts have determined that terminating an employee in violation of the policy underlying any one of them does not necessarily give rise to a cause of action for wrongful discharge. *See, e.g., City of*

7

*Virginia Beach v. Harris*, 259 Va. 220, 232 (2000).

A district court may decline to exercise supplemental jurisdiction over a related state-law claim if the claim raises a novel or complex issue of state law. 28 U.S.C. § 1367(c). Here, it is clear that Plaintiff's *Bowman* claim forms part of the same case or controversy as her First Amendment claim, and hence, the Court could properly exercise jurisdiction over it; however, the Court is not required to do so. *See id.* It is improper for a federal court, without state law to guide it, to plow new ground in a state law field. *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 429 (11th Cir. 1984). Numerous courts have applied this rule and dismissed pendent state claims while retaining jurisdiction of federal claims. *See, e.g., Newton v. Lat Purser and Assoc.*, 843 F. Supp. 1022, 1024-25 (W.D.N.C. 1994) (noting that the state law claim involved unresolved, important questions of state law and dismissing based on *Buford* abstention, but noting that 28 U.S.C. § 1367 served as an alternate ground for dismissal); *Lopez v. Smiley*, 375 F. Supp. 2d 19 (D. Conn. 2005) (declining to exercise jurisdiction over novel and unresolved state law claims but vacating its dismissal of federal claims); *Key v. Grayson*, 163 F. Supp. 2d 697, 705 (E.D. Mich. 2001) (dismissing without prejudice a novel and complex state law issue while retaining jurisdiction over federal claims).

In this case, the Court is uncertain how a Virginia court would rule on Plaintiff's *Bowman* claim. On one hand, Virginia courts agree that the scope of the *Bowman* exception is narrow and that not all state statutes give rise to a *Bowman* claim. Further, at least one Virginia circuit court has ruled that the Virginia Constitution is not a permissible source of public policy for a *Bowman* claim. *Glaser v. Titan Corp.*, No. 159607, 1997 WL 1070646 (Va. Cir. Ct. 1997) (unpublished). In addition, Article 1, Section 12 is coextensive with the protections of the federal First

8

Amendment. *Elliott v. Com.*, 267 Va. 464, 473 (2004). Hence, a *Bowman* claim under Virginia's free speech provision would have exactly the same reach as a section 1983 First Amendment claim and would essentially be redundant, an interpretation which also casts doubt on Plaintiff's *Bowman* argument. *See Newton,* 843 F. Supp. at 1025. On the other hand, for a statute to create a cause of action under *Bowman*, it must be "designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." *City of Virginia Beach v. Harris*, 259 Va. 220, 232 (2000). Article 1, Section 12 seems to comply with that requirement.

Given the unresolved issue of state law that Plaintiff's *Bowman* claim implicates, and the possible repercussions a decision on this issue could have for both the *Bowman* exception and the employment at will doctrine,[3] the Court must decline to exercise pendent jurisdiction over Plaintiff's state law claim. Nor is the Court persuaded by Clossin's argument that the Virginia zoning statutes, Va. Code §§ 15.2-2299, 15.2-2209, give rise to a *Bowman* claim. Neither of these statutes appears protect the property rights, freedoms, health, safety, or welfare of Virginians, nor do they confer any special rights on Clossin. *See City of Virginia Beach*, 259 Va. at 232; *Rowan*, 263 Va. at 214. This claim will therefore be dismissed without prejudice.

An appropriate order shall issue this day.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

---

[3]Plaintiff argues that a determination that the Virginia Constitution's free speech provision gives rise to a *Bowman* claim will not seriously undermine the Commonwealth's employment at will doctrine because only state employees will be affected. The Court is unconvinced that the effect will be small, given the substantial number of people the state employs.

Case 3:05-cv-00039-NKM-BWC Document 25 Filed 04/24/06 Page 9 of 10 Pageid#: 122

_April 24, 2006_
Date

10